**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1131
_____

MICHAEL E. KEELING,
                              Appellant

v.

C.O. BARRAGER; MR. WALSH; MR. MOONEY; MR. ZAKARAUKAS;
MR. PALL; MR. CIRELLI; MR. MARTIN; MRS. LUCAS; MS. CICERCHIA;
DR. JESSE; C. J. MCKEOWN; SECRETARY JOHN WETZEL
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 4-11-cv-00365)
District Court Judge:  Honorable William J. Nealon
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 17, 2016
Before:  SHWARTZ, COWEN and FUENTES, Circuit Judges

(Filed: November 18, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Michael E. Keeling appeals the District Court's orders granting the prison officials' motion to dismiss and Dr. Jesse's motion for summary judgment.[1] We will affirm.

Keeling, a Pennsylvania prisoner, filed suit alleging numerous civil rights violations under 42 U.S.C. § 1983. Keeling's complaint asserted, inter alia, the following claims: (1) Defendant Cicerchia retaliated against him for suing her in a separate lawsuit; (2) Defendants Cirelli, Pall, Martin, and Zakaraukas retaliated against him for filing a grievance against their colleague, Defendant Barrager; (3) while Keeling was in the Restricted Housing Unit ("RHU"), prison officials denied him access to portions of his legal material, which violated his right to access the courts; (4) his rights to due process were violated when prison officials removed his Z-cell status, forcing him to share a cell with another prisoner; (5) prison officials wrongfully found him guilty of various prison misconducts and sentenced him to up to 90 days in the RHU, in violation of his due process rights; and (6) Dr. Jesse, Keeling's treating-psychologist, violated his Eighth Amendment rights and retaliated against him for amending his complaint in a separate lawsuit.[2]

---

[1] We write only for the parties, who are familiar with the facts and the history of this lawsuit.

[2] Keeling also claimed that Defendant Barrager unlawfully retaliated against him and verbally abused him. However, Keeling does not argue on appeal that the District Court erred in dismissing those claims. Accordingly, we will not address them here. See Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002).

The District Court granted the prison officials' motion to dismiss and Dr. Jesse's motion for summary judgment. Keeling appeals.[3]

We begin our discussion with the District Court's order dismissing the retaliation claims against the prison officials. In order to state a claim for retaliation for engaging in protected conduct, Keeling was required to plead facts showing: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action at the hands of prison officials; and (3) a causal link between the exercise of his constitutional rights and the prison officials' decisions to punish him. Mack v. Warden Loretto FCI, ___ F.3d ___, 2016 WL 5899173, at *6 (3d Cir. Oct. 11, 2016).

For the reasons given by the District Court, Keeling failed to state a retaliation claim against Defendant Cicerchia. Keeling alleged that she retaliated against him by transferring him from A-Block to J-Block for naming her in a lawsuit he had filed 13 months ago. As the District Court concluded, the allegedly retaliatory transfer was too remote in time to infer an unlawful motive, see Watson v. Rozum, ___ F.3d ___, 2016 WL 4435624, at *3 (3d. Cir. Aug. 23, 2016), and Keeling has not provided any other facts linking the transfer to the grievance.

The District Court was also correct to dismiss Keeling's retaliation claim against Defendant Cirelli, who was assigned to investigate Keeling's grievance in which he claimed that Defendant Barrager had assaulted him. After Cirelli finished investigating that grievance, he cited Keeling with a misconduct for lying about the incident. These

---

[3] We have jurisdiction over this appeal under 28 U.S.C. § 1291. We review de novo a district court's orders granting summary judgment and dismissing for failure to state a claim. See Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011).

facts, even if proven true, are insufficient to show causation. Because several months passed between Keeling's filing his grievance against Barrager in March and Cirelli's decision to cite him with misconduct in early June, we agree with the District Court that the timing alone was not sufficient to suggest that Cirelli was retaliating. Keeling did claim that he had told the truth in his grievance, and that Cirelli wrongly concluded that Keeling was lying about Barrager's conduct. But that fact does not create any inference that Cirelli was retaliating against Keeling. Keeling also states, in conclusory fashion, that Keeling punished him on account of his grievance, but those conclusory allegations are not sufficient to survive a motion to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

For the same reason, the District Court correctly dismissed Keeling's claim that Defendants Pall, Martin, or Zakaraukas retaliated against Keeling for filing grievances against Barrager.[4] We have already explained that the time between Keeling filing his grievance and the Defendants' decision to cite him with misconduct did not suggest that they were retaliating against him. Keeling claims that Defendant Zakaraukas falsely alleged that Keeling withdrew one of his two grievances against Defendant Barrager, but that Defendants Pall, Martin, and Zakaraukas later investigated the grievance because it was not, in fact, withdrawn. Keeling also claims that Zakaraukas never prepared a

---

[4] Keeling presented his factual allegations in a scattershot manner, without regard to chronology, and his complaint jumbled together numerous allegations against numerous defendants for the same actions. With regard to his misconduct citation, Keeling alleged that Defendant Cirelli issued the misconduct. However, in a different portion of his complaint, Keeling appeared to allege that Defendants Pall, Marin, and Zakaraukas issued the misconduct. We note that in reaching our decision, we have read Keeling's complaint in the light most favorable to him.

written recommendation or report denying Keeling's grievance, and that the Defendants did not view the prison security video from every possible angle. None of these allegations, however, show any causal link between Keeling exercising his rights to file a grievance and the Defendants' decision to cite him with a misconduct for lying in his prison grievance. Therefore, we will affirm the District Court's dismissal of Keeling's retaliation claims.

The District Court also correctly dismissed Keeling's access to courts claim. To prove such a claim, Keeling was required to show (1) he suffered an actual injury—that is, that he lost a chance to pursue a "nonfrivolous" or "arguable" underlying claim; and (2) he had no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit. Christopher v. Harbury, 536 U.S. 403, 415 (2005); see also Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (per curiam). The District Court surveyed Keeling's various other cases and concluded that Keeling had not been prevented from actively litigating in any of them. We agree with the District Court's conclusion.

The District Court also correctly dismissed Keeling's due process claims because it is well settled that he had no protected liberty interest that was implicated by either the removal of his single-cell assignment, see generally Rhodes v. Chapman, 452 U.S. 337, 347-49 (1981), or his short-term placements in the RHU, see Sandin v. Conner, 515 U.S.

472, 486 (1995). Accordingly, we will affirm the District Court's dismissal of Keeling's claims against the prison officials.[5]

We will also affirm the District Court's grant of summary judgment in favor of Dr. Jesse. We begin with Keeling's allegations that Dr. Jesse retaliated against him, by ordering the removal of his medication, because he amended his complaint in two other lawsuits to add claims against different prison officials, but not her, challenging the removal of his single-cell status. Specifically, Keeling claimed that he amended his complaints in Keeling v. Damiter, a case he filed in the United States District Court for the Western District of Pennsylvania, and in Keeling v. Beggs, which he filed in a court in the Commonwealth of Pennsylvania. Dr. Jesse was entitled to summary judgment on Keeling's claims of retaliation because there was no record evidence that she was aware that he amended his complaints before she took the challenged action. See Ambrose v. Twp. of Robinson, 303 F.3d 488, 493 (3d Cir. 2002) ("It is only intuitive that for protected conduct to be a substantial or motiv[at]ing factor in a decision, the decisionmaker[] must be aware of the protected conduct."). As the District Court found, Keeling amended his complaint in Damiter after Dr. Jesse removed his prescription for medication. As a matter of law, she could not have acted to retaliate against before he ever exercised his First Amendment rights. Moreover, although Keeling did amend his complaint in Beggs several days before Dr. Jesse removed his prescription, and Keeling theorized that prison officials "must have" alerted Dr. Jesse to his amended complaint so

_____

[5] Because the prison officials were properly dismissed from this case, Keeling's motion to compel their discovery was correctly denied. See Iqbal, 556 U.S. at 686.

6

that she could conspire with them to retaliate against him, that allegation lacks any factual support in the record. The only evidence in the record on this point comes from Dr. Jesse's affidavit: She avers that she did not know about Keeling's litigation, let alone that he amended his complaint in <u>Beggs</u>, before making her treatment decision. Dr. Jesse was thus entitled to summary judgment because she could not have changed his prescription as retaliation for an action about which she was unaware. <u>See</u> <u>Ambrose</u>, 303 F.3d at 493.

The District Court also correctly granted summary judgment on Keeling's claim that Dr. Jesse was deliberately indifferent to his serious medical needs. The District Court undertook a thorough review of Keeling's entire treatment history during his incarceration. The District Court noted that Keeling had received continuous evaluation and treatment for his mental health, and that the treating psychiatrists often reached different conclusions about whether Keeling needed psychotropic medication. The District Court further explained that Dr. Jesse, after evaluating Keeling several times, ultimately concluded that he did not need a prescription for psychotropic medication. As the District Court ruled, given Keeling's extensive treatment record and the record of Dr. Jesse's evaluation and treatment, no reasonable fact finder could conclude that Dr. Jesse was deliberately indifferent to Keeling's serious medical needs. Moreover, Keeling's claim presented, at most, a mere disagreement Dr. Jesse's treatment decision. That is insufficient to survive summary judgment. <u>See</u> <u>Parkell v. Danberg</u>, ___ F.3d ___, 2016 WL 4375620, at *14 (3d Cir. Aug. 17, 2016).

Accordingly, we will affirm the judgment of the District Court. [6]



[6] In his opening brief, Keeling complains that the District Court never ruled on his motion to amend his complaint. We note that the District Court did, in fact, deny Keeling's motion. We perceive no error in that determination because any amendment would have been futile. See Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000). We will also affirm the District Court's denial of Keeling's motion to reconsider its grant of summary judgment. Keeling does not challenge that decision in his opening brief beyond his arguments discussed above, and we conclude that the District Court did not abuse its discretion in denying his motion to reconsider.